IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RANDA HAGAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 09-0387-CV-W-JTM |
| v. ) | |
| ) | |
| CITY OF GRAIN VALLEY, MO, et al. ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Randa Hagar, by and through her undersigned attorneys, and for her First Amended Complaint against Defendants City of Grain Valley, Mayor David Halphin, City Administrator Gary Bradley, Chief of Police Aaron Ambrose, Director of Administration Christine Thompson, Officer Steven Tracy, Officer Heather Steele, Sgt. Scott Hedger and Detective Terry Ford (collectively "Defendants")[1], alleges and states as follows:

1. Plaintiff, Randa Hagar, is an individual and a resident of Jackson County, Missouri.
2. Defendant, City of Grain Valley ("City"), is a municipality in the State of Missouri.
3. Defendant, Mayor David Halphin ("Halphin"), is the mayor of the City.
4. Defendant, Gary Bradley ("Bradley"), is the City Administrator for the City.
5. Defendant, Aaron Ambrose ("Ambrose"), is the Chief of Police for the City.
6. Defendant, Christine Thompson ("Thompson") is employed as the Director of Administration for the City of Grain Valley/Police Department.

---

[1] Plaintiff originally included the Grain Valley, Missouri Police Department, but Plaintiff has dismissed this party.

7. Defendant, Steven Tracy ("Tracy"), is a police officer employed by GVPD.

8. Defendant, Heather Steele ("Steele"), is a police officer employed by GVPD.

9. Defendant, Scott Hedger ("Hedger"), is employed by the GVPD as a Sergeant.

10. Defendant, Terry Ford ("Ford"), is employed by the GVPD as a detective.

11. All transactions and occurrences herein occurred in Eastern Jackson County, Missouri. As a result, venue is proper in this Court.

12. Jurisdiction and venue is proper in this Court.

13. City has insurance that is responsible for the claims described below, thus waiving its sovereign immunity to the limits thereof for the claims alleged below pursuant to R.S.Mo. § 537.610.

## FACTS COMMON TO ALL CLAIMS

14. Plaintiff restates, re-alleges and incorporates herein as if more fully set forth, all of the statements and allegations hereinabove set forth in paragraphs 1 through 13.

15. On or about June 8, 2007, the Grain Valley Police Department ("GVPD") held a "wet lab" training session for purposes of training police officers with regard to field sobriety testing procedures.

16. GVPD is an agent of Defendant City of Grain Valley, MO.

17. Prior to the "wet lab" training session, Plaintiff was asked by Defendant Tracy to participate in the training session.

18. At the time Plaintiff was asked to participate in the training, Plaintiff was employed as a police clerk for GVPD, however, she was not "on the clock" and was required to "clock-out" prior to participating in said "wet lab."

19. As part of the "wet lab" training session, Plaintiff was provided with alcohol to consume so officers could practice administering field sobriety tests on Plaintiff and other participants.

2

20. Plaintiff was informed the "wet lab" training session would be videotaped for training purposes.
21. At some point during the training session, Plaintiff became ill, went to the women's restroom and vomited in a toilet located in one of the stalls.
22. Upon returning to work, Plaintiff was ridiculed and teased for vomiting during the training session.
23. On or about June 14, 2007, Plaintiff learned she had been videotaped while vomiting in the stall in the women's restroom by Defendants Hedger and Steele without Plaintiff's consent or knowledge.
24. On or about June 15, 2007, Plaintiff reported her concerns about the fact she had been videotaped while in the women's restroom and the fact she had been ridiculed since the June 8, 2007 training by co-workers to her supervisor, Defendant Thompson.
25. In response to Plaintiff's complaint, Defendant Thompson took no action and merely minimized the issues; even laughing about the complaints.
26. On or about June 20, 2007, Plaintiff filed a formal complaint with her employer, GVPD, regarding the incident of June 8, 2007, and the failure of Defendant Thompson to take action regarding Plaintiff's complaints.
27. Immediately after filing the formal complaint on June 29, 2007, Plaintiff became subjected to a hostile and stressful work environment.
28. Plaintiff's co-workers and supervisors that she previously worked well with, including Defendants Ambrose, Thompson, Tracy, Steele, Hedger and Ford, became hostile and unfriendly toward her.
29. Certain jobs and projects were taken away from Plaintiff and Plaintiff was denied permission to attend certain training opportunities which were necessary for the proper performance of her job.
30. Due to Defendant Thompson's refusal to communicate with Plaintiff with regard to Plaintiff's job duties, Plaintiff was unable to complete certain tasks required of her.
31. On or about August 24, 2007, Plaintiff was called into Defendant Thompson's office for an unscheduled meeting regarding Defendant

3

Thompson's concerns about Plaintiff's work, alleging Plaintiff had failed to meet goals and deadlines. Sergeant Palacek of the GVPD, who was not in Plaintiff's chain of command, was present for the meeting and remained in the meeting despite Plaintiff's objection to his attendance.

32. Sergeant Palacek's attendance at this meeting was in violation of the GVPD's rules and regulations.

33. As a result of the work environment, Plaintiff began feeling very anxious and ill.

34. On September 4, 2007, Plaintiff was diagnosed by her physician with anxiety and high blood pressure and ordered not to return to work until September 7, 2007.

35. On September 7, 2007, Plaintiff's physician ordered Plaintiff not return to work until September 26, 2007 as a result of "situational stress/diarrhea."

36. On both September 4, 2007 and September 7, 2007, the physician's orders were reported to Plaintiff's employer.

37. On September 10, 2007, while resting at home as per her physician's orders, Defendant Ambrose and Defendant Ford, in full police uniform, arrived at Plaintiff's home, entered Plaintiff's home uninvited, and delivered to Plaintiff a letter of termination and a final paycheck.

38. During Plaintiff's two year's employed by GVPD, Plaintiff received only praise, enthusiasm and compliments from her supervisors and other individuals regarding her work performance.

39. At all times pertinent herein, defendants Chief of Police Aaron Ambrose, Officer Steven Tracy, Officer Heather Steele, Sgt. Scott Hedger and Detective Terry Ford were acting under color of law and in their respective capacity as Grain Valley, Missouri police officers, and under the authority, policy, procedure, custom and practice of the Grain Valley, Missouri police department, and as agents for the City of Grain Valley, Missouri.

40. Along with Defendant Ambrose, Chief of Police, Defendants Halphin, Thompson and Bradley are jointly and/or severally responsible for hiring,

4

training, and supervising officers of the GVPD, and for establishing and implementing appropriate policy, procedure, custom and practice for the GVPD, and for ensuring those policies, procedures, customs and practices are followed by Grain Valley police officers.

## COUNT I
## INVASION OF PRIVACY
*(Against the City of Grain Valley, MO, Defendants Hedger, Steele, Ambrose, Ford, Halphin, Bradley and Thompson)*

41. Plaintiff restates, re-alleges and incorporates herein as if more fully set forth, all of the statements and allegations hereinabove set forth in paragraphs 1 through 40.

42. On or about June 8, 2007, Defendants Hedger and Steele entered into a women's restroom and videotaped Plaintiff while she vomited in one of the bathroom stalls.

43. Plaintiff was not aware of, nor did she consent to, the presence of men in the women's restroom with her and was not aware, nor did she consent to being videotaped while in the women's restroom.

44. Actions that take place in a restroom are private.

45. Plaintiff has the right to keep anything and everything she does while in the restroom private and secret.

46. The actions of Defendants in this regard would be objectionable to a reasonable person.

47. On or about August 24, 2007, Plaintiff was called into the office of her supervisor, Defendant Thompson, for a meeting concerning Plaintiff's work performance.

48. Another employee of GVPD who was not in Plaintiff's chain of command, Sergeant Palacek, was present during this meeting despite Plaintiff's protest.

49. A review of an employee's work performance is a private subject matter that should be kept secret between the employee and the employer.

5

50. Plaintiff has a right to privacy regarding her work performance.
51. Defendants' actions in this regard would be objectionable to a reasonable person.
52. On or about September 10, 2007, Defendants Ambrose and Ford, in the course of their employment, entered Plaintiff's residence without permission and refused to leave after Plaintiff requested that they step outside.
53. A person's residence and the contents therein are private and secret.
54. Plaintiff has the right to an expectation of privacy with regard to her residence and the contents therein.
55. Defendants' actions in this regard would be considered objectionable by a reasonable person.
56. Due to the foregoing actions of Defendants, Plaintiff has suffered severe stress and anxiety and has been forced to seek medical treatment.
57. Along with Defendant Ambrose, Chief of Police, Defendants Halphin, Thompson and Bradley are jointly and/or severally responsible for hiring, training, and supervising officers of the GVPD, and for establishing and implementing appropriate policy, procedure, custom and practice for the GVPD, and for ensuring those policies, procedures, customs and practices are followed by Grain Valley police officers, but failed to do so resulting in the above violations.
58. Defendants committed the foregoing wrongful acts intentionally and maliciously and without any just excuse.
59. Therefore, Plaintiff is entitled to damages, including punitive damages, for the actions of Defendants.

WHEREFORE, Plaintiff prays for judgment in her favor under Count I of her Petition against Defendants City of Grain Valley, Mayor David Halphin, City Administrator Gary Bradley, Chief of Police Aaron Ambrose, Director of Administration Christine Thompson, Officer Heather Steele, Sgt. Scott Hedger and detective Terry Ford, jointly and severally, for actual damages in an amount in excess of $25,000, for reasonable punitive or exemplary damages against Defendants in such sum as will serve

6

to punish and deter them and others from future conduct such as the described herein, interest, attorney's fees and for such other and further relief as the Court deems just and proper.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
*(Against the City of Grain Valley, MO, Defendants Hedger, Steele, Ambrose, Ford, Halphin, Bradley and Thompson)*

60. Plaintiff restates, re-alleges and incorporates herein as if more fully set forth, all of the statements and allegations hereinabove set forth in paragraphs 1 through 59.

61. On or about June 8, 2008, Defendants Hedger and Steele entered into a women's restroom and videotaped Plaintiff while she vomited in one of the bathroom stalls.

62. Plaintiff was not aware of, nor did she consent to, the presence of men in the women's restroom with her and was not aware, nor did she consent to being videotaped while in the women's restroom.

63. Upon returning to work, Plaintiff learned of the existence of the videotape, became the subject of ridicule by co-workers, was subjected to a hostile work environment and as a result developed severe stress and anxiety.

64. Plaintiff owned the residence where she lived on September 10, 2007.

65. On September 10, 2007, Defendants Ambrose and Ford, in full uniform and in the scope of their employment, entered into that residence uninvited and without permission. Defendants Ambrose and Ford also knew that Plaintiff was suffering from anxiety issues at that time.

66. Further, upon being asked to step out of the residence, Defendants Ambrose and Ford refused to do so.

67. Defendants Ambrose and Ford purportedly were there for and refused to leave prior confiscating Plaintiff's badge.

68. Previously terminated employees were allowed to bring the badge to the department.

69. The actions of Defendants were extreme and outrageous.

7

70. Defendants knew or should have known that their actions were wrong and would cause Plaintiff severe stress and anxiety.

71. As a direct result of the extreme and outrageous actions of Defendants, Plaintiff has suffered from medically diagnosable and medically significant emotional distress.

72. Along with Defendant Ambrose, Chief of Police, Defendants Halphin, Thompson and Bradley are jointly and/or severally responsible for hiring, training, and supervising officers of the GVPD, and for establishing and implementing appropriate policy, procedure, custom and practice for the GVPD, and for ensuring those policies, procedures, customs and practices are followed by Grain Valley police officers, but failed to do so resulting in the above violations.

73. Defendants committed the foregoing wrongful acts intentionally, maliciously and without any just cause.

74. Therefore, Plaintiff is entitled to damages, including punitive damages, for the actions of Defendants.

WHEREFORE, Plaintiff prays for judgment in her favor under Count II of her Petition against Defendants City of Grain Valley, Mayor David Halphin, City Administrator Gary Bradley, Chief of Police Aaron Ambrose, Director of Administration Christine Thompson, Officer Heather Steele, Sgt. Scott Hedger and Detective Terry Ford, jointly and severally, for actual damages in excess of $25,000, for reasonable punitive or exemplary damages against Defendants in such sum as will serve to punish and deter them and others from future conduct such as the described herein, interest, attorney's fees and for such other and further relief as the Court deems just and proper.

### COUNT III
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
*(Against the City of Grain Valley, MO, Defendants Hedger, Steele, Ambrose, Ford, Halphin, Bradley and Thompson)*

75. Plaintiff restates, re-alleges and incorporates herein as if more fully set forth, all of the statements and allegations hereinabove set forth in paragraphs 1 through 74.

8

76. On or about June 8, 2008, Defendants Hedger and Steele entered into a women's restroom and videotaped Plaintiff while she vomited in one of the bathroom stalls.

77. Plaintiff was not aware of, nor did she consent to, the presence of men in the women's restroom with her and was not aware, nor did she consent to being videotaped while in the women's restroom

78. Upon returning to work, Plaintiff learned of the existence of the videotape, became the subject of ridicule by co-workers and was subjected to a hostile work environment.

79. As a result, Plaintiff developed severe stress and anxiety.

80. The actions of Defendants were negligent and tortuous.

81. The Defendants should have known that their conduct involved an unreasonable risk of causing Plaintiff emotional distress.

82. As a direct result of the negligent and tortuous actions of Defendants, Plaintiff has suffered form medically diagnosable and medically significant emotional distress.

83. Along with Defendant Ambrose, Chief of Police, Defendants Halphin, Thompson and Bradley are jointly and/or severally responsible for hiring, training, and supervising officers of the GVPD, and for establishing and implementing appropriate policy, procedure, custom and practice for the GVPD, and for ensuring those policies, procedures, customs and practices are followed by Grain Valley police officers, but failed to do so resulting in the above violations.

84. Defendant's actions and conduct alleged herein constitute gross negligence and/or complete indifference to and/or conscious disregard to and for the rights of Plaintiffs, thereby entitling Plaintiffs to recover punitive damages from Defendants in order to deter Defendants and others from like conduct in the future, said punitive damages to be in an amount yet to be determined.

WHEREFORE, Plaintiff prays for judgment in her favor under Count III of her

9

Petition against Defendants City of Grain Valley, Mayor David Halphin, City Administrator Gary Bradley, Chief of Police Aaron Ambrose, Director of Administration Christine Thompson, Officer Heather Steele, Sgt. Scott Hedger and Detective Terry Ford, for actual damages, jointly and severally, for actual damages in excess of $25,000, for reasonable punitive or exemplary damages against Defendants in such sum as will serve to punish and deter them and others from future conduct such as the described herein, interest, attorney's fees and for such other and further relief as the Court deems just and proper.

## COUNT IV
## WRONGFUL DISCHARGE
*(Against the City of Grain Valley, MO, Ambrose, Halphin, Bradley and Thompson)*

85. Plaintiff restates, re-alleges and incorporates herein as if more fully set forth, all of the statements and allegations hereinabove set forth in paragraphs 1 through 84.

86. On or about June 8, 2008, Defendants Hedger and Steele entered into a women's restroom and videotaped Plaintiff while she vomited in one of the bathroom stalls.

87. Plaintiff was not aware of, nor did she consent to, the presence of men in the women's restroom with her and was not aware, nor did she consent to being videotaped while in the women's restroom.

88. Subsequent to the videotaping, Plaintiff was ridiculed by co-workers and was subjected to a hostile work environment.

89. The actions of videotaping Plaintiff while in the restroom, the subsequent mistreatment and teasing of Plaintiff, and her supervisor's failure to appropriately remedy the situation, constitute wrongdoing and a violation of law and/or public policy.

90. On June 20, 2007, Plaintiff filed a formal complaint with her employer reporting the wrongful behavior of her co-workers and supervisor.

91. Subsequent to, in retaliation for and as a result of the filing of her formal complaint, Plaintiff was terminated.

92. Defendant's discharge of Plaintiff violates a clear mandate of public policy and law against the termination of an employee for reporting the wrongful conduct of his or her employer, co-workers or supervisor.

93. Plaintiff does not have a statutory or contractual remedy.

94. Along with Defendant Ambrose, Chief of Police, Defendants Halphin, Thompson and Bradley are jointly and/or severally responsible for hiring, training, and supervising officers of the GVPD, and for establishing and implementing appropriate policy, procedure, custom and practice for the GVPD, and for ensuring those policies, procedures, customs and practices are followed by Grain Valley police officers, but failed to do so resulting in the above violations.

95. Defendants committed the foregoing wrongful acts maliciously and without any just excuse.

96. As a result of Defendants' actions, Plaintiff has suffered lost wages, employment benefits and other compensation in an amount to be proved at trial in excess of $25,000.

97. Therefore, Plaintiff is entitled to damages, including punitive damages, for the actions of Defendants.

WHEREFORE, Plaintiff prays for judgment in her favor under Count IV of her Petition against Defendants City of Grain Valley, Mayor David Halphin, City Administrator Gary Bradley, Chief of Police Aaron Ambrose and Director of Administration Christine Thompson, for actual damages, jointly and severally, for actual damages in excess of $25,000, for reasonable punitive or exemplary damages against Defendants in such sum as will serve to punish and deter them and others from future conduct such as the described herein, interest, attorney's fees and for such other and further relief as the Court deems just and proper.

11

## COUNT V
## WRONGFUL DISCHARGE
### (Against the City of Grain Valley, MO, Defendants Hedger, Steele, Ambrose, Ford, Halphin, Bradley and Thompson)

98. Plaintiff restates, re-alleges and incorporates herein as if more fully set forth, all of the statements and allegations hereinabove set forth in paragraphs 1 through 97.

99. Prior to her discharge, Plaintiff was an employee of Defendants.

100. Due to the extreme and outrageous conduct of Defendants, Plaintiff suffered from severe emotional distress.

101. As a result of Plaintiff's severe emotional distress, Plaintiff was entitled to take medical leave from work pursuant to the Family and Medical Leave Act, 29 U.S.C. 2612(a)(1)(D)("FLMA").

102. While Plaintiff was entitled to be on FLMA leave, Defendants discharged her in retaliation for Plaintiff exercising her right to take medical leave under the Family and Medical Leave Act.

103. Plaintiff's discharge violates a clear mandate of public policy that is expressed in the Family and Medical Leave Act.

104. Along with Defendant Ambrose, Chief of Police, Defendants Halphin, Thompson and Bradley are jointly and/or severally responsible for hiring, training, and supervising officers of the GVPD, and for establishing and implementing appropriate policy, procedure, custom and practice for the GVPD, and for ensuring those policies, procedures, customs and practices are followed by Grain Valley police officers, but failed to do so resulting in the above violations.

105. Defendants committed the foregoing wrongful acts maliciously and without any just excuse.

106. As a result of Defendants' actions, Plaintiff has suffered lost wages, employment benefits and other compensation in an amount to be proved at trial in excess of $25,000.

107. Therefore, Plaintiff is entitled to damages, including punitive damages and attorney's fees, for the actions of Defendant.

12

WHEREFORE, Plaintiff prays for judgment in her favor under Count V of her Petition against Defendants City of Grain Valley, Mayor David Halphin, City Administrator Gary Bradley, Chief of Police Aaron Ambrose, Director of Administration Christine Thompson, Officer Heather Steele, Sgt. Scott Hedger and Detective Terry Ford, jointly and severally, for actual damages, jointly and severally, for actual damages in excess of $25,000, for reasonable punitive or exemplary damages against Defendants in such sum as will serve to punish and deter them and others from future conduct such as the described herein, interest, attorney's fees, costs and for such other and further relief as the Court deems just and proper.

## COUNT VI
## INTERFERENCE WITH RIGHTS
*(Against the City of Grain Valley, MO,*
*Ambrose, Ford, Halphin, Bradley and Thompson)*

108. Plaintiff restates, re-alleges and incorporates herein as if more fully set forth, all of the statements and allegations hereinabove set forth in paragraphs 1 through 107.

109. Prior to her discharge, Plaintiff was an employee of Defendants.

110. Due to the extreme and outrageous conduct of Defendants, Plaintiff suffered from severe emotional distress.

111. As a result of Plaintiff's severe emotional distress, Plaintiff was entitled to take medical leave from work pursuant to the Family and Medical Leave Act, 29 U.S.C. 2612(a)(1)(D) ("FMLA").

112. While Plaintiff was entitled to be on FMLA leave, Defendants Ambrose and Ford, in full police uniform, arrived at Plaintiff's home, entered Plaintiff's home uninvited and refusing to leave, and hand delivered to Plaintiff a letter of termination and a final paycheck.

113. Defendants Ambrose and Ford's appearance at, entry of, and refusal to leave Plaintiff's home while Plaintiff was resting at home on medical leave constitutes an interference with Plaintiff's rights under FMLA, 29 U.S.C. 2615(a)(1).

114. Along with Defendant Ambrose, Chief of Police, Defendants Halphin, Thompson and Bradley are jointly and/or severally responsible for hiring,

13

training, and supervising officers of the GVPD, and for establishing and implementing appropriate policy, procedure, custom and practice for the GVPD, and for ensuring those policies, procedures, customs and practices are followed by Grain Valley police officers, but failed to do so resulting in the above violations.

115. Defendants committed the foregoing wrongful acts maliciously and without any just excuse.

116. As a result of Defendants' actions, Plaintiff has suffered lost wages, employment benefits and other compensation in excess of $25,000.

117. Therefore, Plaintiff is entitled to damages, including punitive damages and attorney's fees, for the actions of Defendants.

WHEREFORE, Plaintiff prays for judgment in her favor under Count VI of her Petition against Defendants City of Grain Valley, Mayor David Halphin, City Administrator Gary Bradley, Chief of Police Aaron Ambrose, and Detective Terry Ford, jointly and severally, for actual damages jointly and severally, for actual damages in excess of $25,000, for reasonable punitive or exemplary damages against Defendants in such sum as will serve to punish and deter them and others from future conduct such as the described herein, interest, attorney's fees, costs and for such other and further relief as the Court deems just and proper.

## COUNT VII
## NEGLIGENT SUPERVISION
*(Against the City of Grain Valley, MO, Ambrose, Tracy, Halphin, Bradley and Thompson)*

118. Plaintiff restates, realleges and incorporates herein as if more fully set forth, all of the statements and allegations hereinabove set forth in paragraphs 1 through 117.

119. On or about June 8, 2008, while they were supposed to be videotaping a "wet lab" training session, Defendants Hedger and Steele entered into a women's restroom and videotaped Plaintiff while she vomited in one of the bathroom stalls.

120. Defendant Tracy was in charge of supervising said "wet lab."

121. In entering the women's restroom and videotaping Plaintiff while inside of a stall vomiting, Defendants Hedger and Steele's actions were outside the scope of their employment.

122. While acting within the scope of their employment, Defendants Steele and Hedger were on the premises of Defendants City, Halphin, Bradley and Ambrose, and were using a video camera owned by Defendants City, Halphin, Bradley and Ambrose.

123. Defendants City, Tracy, Halphin, Bradley, Tracy and Ambrose had a duty to exercise reasonable care so as to prevent their employees from harming others.

124. Defendants City, Halphin, Bradley, Tracy and Ambrose knew or had reason to know that they had the ability to control the actions of Defendants Hedger and Steele.

125. Defendants City, Halphin, Bradley, Tracy and Ambrose knew or should have known of the necessity and opportunity for exercising such control.

126. By failing to supervise the "wet lab" training session, Defendants City, Halphin, Bradley, Tracy and Ambrose breached their duty owed to Plaintiff.

127. As a direct and proximate result of Defendants' breach, Plaintiff suffered damages.

128. Defendants' actions and conduct alleged herein constitute gross negligence and/or complete indifference to and/or conscious disregard to and for the rights of Plaintiffs, thereby entitling Plaintiffs to recover punitive damages from Defendants in order to deter Defendants and others from like conduct in the future, said punitive damages to be in an amount yet to be determined.

WHEREFORE, Plaintiff prays for judgment in her favor under Court VII of her Petition against Defendants City of Grain Valley, Mayor David Halphin, City Administrator Gary Bradley, Defendant Tracy, Chief of Police Aaron Ambrose and Director of Administration Christine Thompson, jointly and severally, for actual damages in excess of $25,000, for reasonable punitive or exemplary damages against Defendants

Case 4:09-cv-00387-JTM   Document 9   Filed 06/29/09   Page 15 of 18

15

in such sum as will serve to punish and deter them and others from future conduct such as the described herein, interest, attorney's fees, costs and for such other and further relief as the Court deems just and proper.

**COUNT VIII**
**NEGLIGENCE**
*(Against the City of Grain Valley, MO,*
*Ambrose, Tracy, Halphin, Bradley and Thompson)*

129. Plaintiff restates, re-alleges and incorporates herein as if more fully set forth, all of the statements and allegations hereinabove set forth in paragraphs 1 through 128.

130. Defendants had a duty to protect Plaintiff from harm while she served as a voluntary participant in a "wet lab" training session that was supervised by Officer Tracy.

131. Defendants breached this duty by failing to follow the standard guidelines, rules and requirements for conducting a "wet lab" training session which are intended for the protection of the voluntary participants.

132. Further, Defendants breached their duty by failing to protect Plaintiff from being observed and videotaped while in the women's restroom.

133. As a direct and proximate result of Defendants' breach, Plaintiff suffered damages.

134. Defendants' actions and conduct alleged herein constitute gross negligence and/or complete indifference to and/or conscious disregard to and for the rights of Plaintiffs, thereby entitling Plaintiffs to recover punitive damages from Defendants in order to deter Defendants and others from like conduct in the future, said punitive damages to be in an amount yet to be determined.

WHEREFORE, Plaintiff prays for judgment in her favor under Count VIII of her Petition against Defendants City of Grain Valley, Mayor David Halphin, City Administrator Gary Bradley, Chief of Police Aaron Ambrose, Director of Administration Christine Thompson and Officer Steven Tracy, for actual damages jointly and severally, for actual damages in excess of $25,000, for reasonable punitive or exemplary damages against Defendants in such sum as will serve to punish and deter them and others from

16

future conduct such as the described herein, interest, attorney's fees, costs and for such other and further relief as the Court deems just and proper.

## COUNT IX
## TRESPASS
*(Against the City of Grain Valley, MO,*
*Ambrose, Ford, Halphin, Bradley and Thompson)*

135. Plaintiff restates, re-alleges and incorporates herein as if more fully set forth, all of the statements and allegations hereinabove set forth in paragraphs 1 through 134.

136. Plaintiff owned the residence where she lived on September 10, 2007.

137. On September 10, 2007, Defendants Ambrose and Ford, in the scope of their employment, entered into that residence uninvited and without permission.

138. Further, upon being asked to step out of the residence Defendants Ambrose and Ford refused to do so.

139. The actions of Defendants Ambrose and Ford constitute trespass.

140. As a result of Defendants' trespass, Plaintiff has been damaged.

141. Defendants' actions and conduct alleged herein were intentional and malicious, thereby entitling Plaintiffs to recover punitive damages from Defendants in order to deter Defendants and others from like conduct in the future, said punitive damages in an amount yet to be determined.

WHEREFORE, Plaintiff prays for judgment in her favor under Count IX of her Petition against Defendants City of Grain Valley, Mayor David Halphin, City of Administrator Gary Bradley, Chief of Police Aaron Ambrose, and Director of Administration Christine Thompson, for actual damages jointly and severally, for actual damages in excess of $25,000, for reasonable punitive or exemplary damages against Defendants in such sum as will serve to punish and deter them and others from future conduct such as the described herein, interest, attorney's fees, costs and for such other and further relief as the Court deems just and proper.

## Jury Demand

Plaintiff demands a jury trial.

Respectfully submitted,

MULLINS, OUTLAW & BAYLARD, LLC

/s/ Daniel J. Baylard
DANA M. OUTLAW - #52791
DANIEL J. BAYLARD #56639
1500 NW Mock Avenue
Blue Springs, MO 64015
Telephone No.: 816-229-6100
Fax No.: 816-229-6114
dana@moblawkc.com
dan@moblawkc.com

ATTORNEYS FOR PLAINTIFF

# Certificate of Service

I hereby certify that on this 19th day of June, 2009, a copy of the above and foregoing, along with this Certificate of Service, was electronically filed with the Court using the CM/ECF system which will send notification of such filing to the following:

Robert O. Jester
Matthew J. Gist
1100 Main St., Ste. 2121
Kansas City, MO 64105

ATTORNEY FOR DEFENDANTS

/s/ Daniel J. Baylard
Daniel J. Baylard